## CAL SCHELL *v.* THE STATE.

1. EVIDENCE.—A witness testified before an examining magistrate, but died before the trial of the accused in the district court, in which his testimony before the magistrate was offered by the prosecution, but was objected to because the witness, when he testified before the magistrate, had previously been rendered incompetent by his conviction for a felony, and his sentence to the penitentiary for a term still unexpired, as shown by exemplified copies of the judgment and sentence. The court below overruled the objection on the ground that the counsel for the state had not, before announcing for trial, been notified of the objection, and thus enabled to show, if he could, that the witness' competency had been restored by a pardon. *Held,* that the ruling was erroneous. The counsel for the state was not entitled to such notification; nor could a pardon be presumed or inferred from the fact that the witness, when he testified before the magistrate, was at large, and not serving out his sentence in the penitentiary.

2. SAME.—If the witness had been living and present, and his competency impugned as above indicated, the court below could have interrogated him for the purpose of proving that his competency had been restored by a pardon, if such was the fact. Pasc. Dig., Art. 3110.

APPEAL from the District Court of Cook. Tried below before the Hon. J. A. CARROLL.

The case is clearly stated in the opinion.

*W. J. Sparks*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

ECTOR P. J. The appellant was indicted at the July term, 1876, of the district court of Cook county, for the theft of a mare and gelding, alleged to be the property of E. C. Vick. At the February term, 1877, of said court, he was tried and convicted, and his punishment assessed at five years' confinement in the penitentiary. A motion for a new trial was overruled, and an appeal taken to this court.

The 1st error assigned is that "the court erred in its ruling, in admitting the evidence of E. C. Vick, a deceased witness, taken before the magistrate, W. W. Foreman, on a preliminary examination, over the objection of the defendant, as set out in the bill of exceptions thereto."

The bill of exceptions shows that the objection urged to the admission of the testimony of E. C. Vick was that, at the time said Vick testified in the examining court, he was an incompetent witness, because he had been convicted of a felony in the district court of Hunt county, Texas, on March 16, A. D. 1876, and on March 25, 1876, by judgment and decree of said court, was sentenced to confinement in the state penitentiary for the period of five years, for the crime of murder in the second degree.

The counsel for the defendant exhibited to the court, in support of said objection, a copy of the judgment and sentence in cause " *No. 265, The State of Texas* v. *E. C. Vick*," in the district court of Hunt county, Texas, showing that said Vick had been convicted of a felony therein, which judgment and sentence were duly certified to by the

clerk of the district court of Hunt county, and are fully set out in the bill of exceptions. It was admitted by the counsel for the state that E. C. Vick, who testified before the justice of the peace, W. W. Foreman, and whose testimony was offered in evidence, was one and the same person who was convicted of murder in the second degree, as shown by the copy of said judgment and sentence.

The objections of the defendant to this testimony the court overruled, and permitted it to be read to the jury, the court holding that, the said Vick not being present, he could not produce the pardon for the crime mentioned in the judgment, if he had received one; that the state's counsel had had no notice that Vick was incompetent before he announced ready for trial; and that the defendant should have given the state's counsel notice, before announcement, that the testimony of said Vick would have been objected to on the trial, upon the ground above stated, so as to afford the counsel for the state an opportunity to show that the witness had been pardoned, if such was the fact. E. C. Vick was the only witness who proved the ownership of the property as alleged in the indictment.

Amongst the persons who are declared incompetent to testify in criminal actions by our statute are included " all persons who have been, or may be, convicted of felony in this, or in any, state of the United States, or of any other state or kingdom, unless such person or persons may have been pardoned for such crime." Pasc. Dig., Art. 3109.

The succeeding Article reads as follows : " The court may, upon suggestion made, or of its own option, interrogate a person who is offered as a witness, for the purpose of ascertaining whether he is competent to testify according to the rules laid down in the preceding Article, or in any other Article of this Code." Pasc. Dig., Art. 3110.

It is evident from the statute that E. C. Vick, had he been alive and present in court, would have been an infa-

mous witness, and incompetent to testify, over the objections raised by the .defendant, unless he had been pardoned for the offense mentioned in the said judgment rendered by the district court of Hunt county. The counsel for the defendant insists that this judgment and pardon must be proved in the manner laid down by Mr. Greenleaf in his work on Evidence ; that it is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt, for the purpose of rendering him incompetent to testify. "And the judgment itself, when offered against his admissibility, can be proved only by the record, or, in proper cases, by an authenticated copy, which the objector must offer and produce at the trial when the witness is about to be sworn, or, at farthest, in the course of the trial." Greenl. on Ev., vol. 1, sec. 375.

"The pardon must be proved by production of the charter of pardon, under the great seal." Greenl. on Ev., sec. 377.

The rules of evidence known to the common law of England, both in civil and criminal cases, govern in the trial of criminal actions in this state, except where they are in conflict with the provisions of our Code of Criminal Procedure, or of some statute of this state. Pasc. Dig., Art. 3103.

The counsel for the prosecution has cited us to the opinion of this court delivered in the case of *Johnson* v. *The State*, decided at its Tyler term, 1876, in support of the admissibility of the testimony of E. C. Vick, taken before the examining magistrate, on a trial between the same parties, touching the same subject-matter. In that opinion the court say : "The testimony of the statements of a deceased witness, given on a former trial between the same parties, touching the same subject-matter, has been admitted, among the exceptions of the rule excluding hearsay evidence, from a very early period, and has been sanctioned by an unbroken

current of decisions, both in England and in this country. It has been received *ex necessitate*, under proper precautions, as secondary evidence, being the best evidence the circumstances of the case would admit of. The main reason for the exclusion of hearsay evidence is to be found in the want of the sanction of an oath, of legal authority requiring the statement, and of an opportunity for cross-examination. When these important tests of truth are not wanting, and the testimony of the statements of the deceased witness is, on a subsequent trial, between the same parties, touching the same subject-matter, and open to all the means of *impeachment and objection as to competency which might be taken if the deceased person could be personally present as a witness*, there would not appear to be any sound and satisfactory ground for its exclusion."

We believe—if the witness, Vick, had been alive and offered as a witness by the state in the lower court, and his testimony had been objected to by the defendant, after exhibiting the said judgment and sentence of the district court of Hunt county—the district judge presiding at the trial could have examined Vick as to whether or not he had been pardoned for the offense named in the judgment, and as to why it was he was not in the penitentiary undergoing the punishment inflicted upon him by said judgment. That, the witness being dead, his testimony, which was offered in evidence from the extreme necessity of the case, would be allowed to go to the jury—that is, if Vick was a competent witness were he alive. In other words, that such testimony, when offered, would be open to all the means of impeachment and objections as to competency which could be taken to E. C. Vick, as a witness in the case, were he alive. In the case of *Johnson* v. *The State*, above referred to, this court extended the rule quite as far as it felt authorized to do, in the admission of the testimony of a deceased witness taken before an examining magistrate.

After the judgment of conviction and sentence was produced to the court, in support of the objection to the testimony of E. C. Vick, neither the lower court nor this court would be authorized to presume that said Vick, at the time he gave in his testimony before the magistrate, was at large by lawful authority, or that he had received a pardon. We must judicially know that said judgment has not been reversed by this court, and there is nothing in the record that would authorize us to presume that he had received a pardon for the offense described in the bill of exceptions.

On the contrary, the legal presumption is that, his incompetency being shown by the said certified copy of the judgment and sentence, he continued incompetent. The appellant was not required to give the state's counsel notice, before announcement of readiness for trial, that he would object to the testimony of E. C. Vick, in order that the state might be enabled to show that Vick's disability had been removed. To require this—as has been so well said by the counsel for the defendant, in his able brief, would be equivalent to holding that a man about to be put upon trial for his liberty, upon being advised that the state relies for his conviction upon illegal testimony, must, before the trial commences, give notice to the state that he will object to the introduction of such illegal testimony, and, if he fails to give such timely notice, he forfeits his right to a fair trial upon legal testimony.

It is inconsistent with the interests of society, and the protection that is due from the state to its humblest citizen, that the liberty of the citizen should be thus exposed to the peril of the testimony of a convicted felon, who is declared by the law to be an incompetent witness. The learned chief justice of our supreme court has well said that "one of the highest and safest securities in the preservation of rights is a substantial adherence to the rules of law prescribed for the judicial proceedings in ascertaining and adjudging the legal consequences of their infraction."

We have examined the other assignment of errors, and believe they are not well taken. The court in its instruc-- tions to the jury gave the law applicable to the facts. The charge was a very fair one, and as favorable to the defend-- ant as he was entitled to under the law and evidence. The defense relied on was that the appellant took possession of the property in good faith, under an honest claim of owner- ship. Under a proper charge from the court, after hear- ing all the evidence, the jury believed (as shown by their verdict), beyond a reasonable doubt, that the property taken did not belong to the accused, that he did not believe it to be his own when he took it, and that it was fraudulently taken by him, as charged in the indictment.

The jury having seen the witnesses and their manner upon the stand, and having heard their testimony, found the defendant guilty, and, but for the admission of the testi- mony of E. C. Vick, taken before the justice of the peace,, we would not feel authorized to reverse the judgment. We think that the testimony of E. C. Vick was improperly admitted ; and, for this error committed by the lower court,. the appellant is entitled to another trial, when the state will have ample time, if the fact really exists, to show that E. C. Vick was a competent witness at the time his testimony was given, and, if this cannot be done, to supply his testi- mony by other evidence.

The judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*